UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **QUONZEL POYDRAS** | **CASE NO. 6:19-CV-01171** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **IBERIABANK CORP.** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss and Compel Arbitration [doc. 10] filed by defendant Iberiabank Corporation ("Iberia Bank") under Federal Rule of Civil Procedure 12(b)(5) and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in response to the pro se employment discrimination suit filed by Quonzel Poydras. The motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from Poydras's alleged wrongful termination from an Iberia Bank office in Lafayette, Louisiana, on April 14, 2016, and her allegations of experiencing a hostile work environment before that point. *See* doc. 1. Poydras asserts that she filed a charge with the Equal Employment Opportunity Commission on September 15, 2016. *Id.* at 5. The agency issued a Notice of Right to Sue letter on June 11, 2019. Doc. 1, att. 1. Poydras then filed a pro se complaint in this court on September 5, 2019, under Title VII of the Civil Rights Act and the Americans with Disabilities Act. Doc. 1. She alleges

employment discrimination based on her race and sex as well as her disability or perceived disability (stress and post-traumatic stress disorder) and seeks compensatory damages. *Id.*

Iberia Bank now moves to dismiss Poydras's claims without prejudice under Federal Rule of Civil Procedure 12(b)(5), alleging that Poydras failed to properly effect service under Rule 4. It also argues that Poydras's claims are subject to a mandatory arbitration agreement. Accordingly, it requests that the court dismiss without opportunity to cure the defects in service. Doc. 10, att. 1. Poydras has filed no response to the motion within the time limits set out by the court, and so the motion is regarded as unopposed.

## II.
### LAW & APPLICATION

Absent valid service of process, proceedings against a party are void. *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). Accordingly, Rule 12(b)(5) allows for dismissal of an action based on insufficient service. On such a motion, the serving party bears the burden of proof. *Id.* A litigant's pro se status will not excuse his failure to effect service or otherwise follow the Federal Rules of Civil Procedure. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

A summons must be served with a copy of the complaint by a person who is at least 18 years old and not a party to the suit. Fed. R. Civ. P. 4(c). Rule 4(h) provides that corporations may be served in the manner prescribed by Rule 4(e)(1) for serving an individual – that is, by following state law for service of summons in an action in the state where the district court is located or service is made – or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other

agent authorized by appointment or by law to receive service of process . . . ." The Louisiana Code of Civil Procedure likewise provides that a corporation is served "by personal service on any one of its agents for service of process." La. C. Civ. P. art. 1261(A); *see, e.g.*, *Thomas v. New Leaders for New Schools*, 278 F.R.D. 347, 351 (E.D. La. 2011). "An agent must have actual authorization from the entity sought to be served. Apparent authority is insufficient." *Smith v. Woman's Hosp.*, 2015 WL 2357127, at *3 (M.D. La. May 15, 2015) (internal quotations and citations omitted).

Poydras completed a proof of service form, indicating that Lisa Kalaiti served the defendant on September 24, 2019, at its office in Lafayette, Louisiana, through employee Donna Domec. Doc. 9. Domec states that she is a human resources assistant at Iberia Bank and is not authorized to accept service of process on behalf of that entity.[1] Doc. 10, att. 3. She also denies receiving a copy of the complaint with the summons. *Id.* Accordingly, service on Iberia Bank was ineffective.

When service is deficient, "district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Internat'l Transctions, Ltd. v. Embotelladora Agral Regionmontana SA de CV*, 277 F.Supp.2d 65, 665 (N.D. Tex. 2002). When the defect is curable, courts generally quash the attempted service and give the plaintiff an opportunity to rectify her error. *Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F.Supp.2d 746, 750 (W.D. La. 2000) (citing *Gregory v. U.S. Bankruptcy Court*, 942 F.2d 1498, 1500 (10th Cir. 1991)). Dismissal without opportunity

---

[1] As Iberia Bank notes, its registered agent for service of process in Louisiana is C.T. Corporation System, located in Baton Rouge, Louisiana. This information may be accessed through the website of the Louisiana Secretary of State.

to cure, however, is appropriate where proper service would be futile because the underlying claims are subject to dismissal on other grounds. *See id.*

Poydras's defect in service is curable – Iberia Bank is subject to service of process and her time to effect same under Rule 4(m) has not yet expired. Iberia Bank asserts, however, that no opportunity to cure should be granted because Poydras is bound to arbitrate her claims. Arbitration is favored under both federal and Louisiana law, and arbitration agreements are presumptively valid. *Aguillard v. Auction Mgmt. Corp.*, 908 So.2d 1, 7 (La. 2005); *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004). The court may dismiss an action when all claims are subject to arbitration, because "[a]ny post-arbitration remedies sought by the parties . . . would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (internal quotations omitted). Accordingly, Poydras's claims are futile and may be properly dismissed under Rule 12(b)(5) if they are subject to a valid arbitration agreement.[2]

In determining whether claims are subject to a valid arbitration agreement, the court uses a two-prong inquiry. *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003). First the court determines whether the parties agreed to arbitrate. To this end it

---

[2] Courts within this circuit have recognized Rule 12(b)(3), which is used to challenge an action for improper venue, as the appropriate basis for moving for dismissal based on an arbitration agreement. *See, e.g.*, *Sinners and Saints, LLC v. Noire Blanc Films, LLC*, 937 F.Supp.2d 835, 844–45 (E.D. La. 2013); *Wheeler v. Dollar Tree Stores, Inc.*, 2017 WL 3426300, at *2 (W.D. La. Aug. 8, 2017); *Fox Bend Dev. Assoc., Ltd. v. Ennis*, 2018 WL 4003311, at *1 & n. 1 (N.D. Tex. Aug. 17, 2018). When resolving a motion under Rule 12(b)(3), the court may review evidence outside of the complaint and its attachments. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). The court must also review all facts and resolve all conflicts in a light most favorable to the plaintiff. *Id.* at 237; *Braspetro Oil Svcs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). The undersigned applies these standards in determining the futility of Poydras's claims.

asks (1) whether a valid agreement to arbitrate exists and then (2) whether the claims are within the scope of the agreement. *OPE Internat'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445 (5th Cir. 2001). The court applies state contract law to the former question and the federal policy favoring arbitration to the latter. *Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002); *Sherer v. Green Tree Svcg. LLC*, 548 F.3d 379, 381 (5th Cir. 2008). If this prong is satisfied, the court then considers whether any federal policy or statute renders the claim nonarbitrable. *Wash. Mut. Finance Grp., LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004).

Iberia Bank submits a declaration from senior vice president and regional human resources director Maria Manuel, as well as a copy of the arbitration agreement that Poydras signed at the beginning of her employment with Iberia Bank on February 11, 2014. Doc. 10, att. 2. The agreement provides that it is governed by the Federal Arbitration Act and covers, among other things, all disputes relating to "the terms and conditions of employment, treatment by supervisors, co-workers or third-parties, denial of promotion, pay raises or job assignments, and termination of employment . . . ." *Id.* at 3. It also specifically includes "statutory and/or common law claims of discrimination on the basis of age, race, national origin, religion, disability, sex/gender, color, or any other factor the consideration of which is prohibited by federal or state law or local ordinance." *Id.* Finally, the agreement provides that it does not preclude filing a charge with the EEOC and exhausting administrative remedies through that agency but that the employee still waives her right to recover outside of the arbitration process. *Id.* at 4.

Poydras has provided nothing to refute this evidence, nor has she made any allegations relating to the arbitration agreement. There is no basis to question her capacity or the consideration exchanged through the beginning of her employment, and agreements to arbitrate are valid contractual objects under federal and state law. *Aguillard*, 908 So.2d at 7; *Langlois v. Amedisys, Inc.*, 2016 WL 4059670 (M.D. La. Jul. 27, 2016). Poydras's claims fall within the scope of the agreement, even under a liberal reading of her complaint. As for the second prong, it is well settled that federal employment discrimination claims can be subject to mandatory arbitration agreements. *Robertson v. U-Haul Co. of Texas*, 2011 WL 444773, at *3 (N.D. Tex. Feb. 7, 2011) (collecting cases as to ADEA and Title VII claims); *see, e.g.*, *Langlois*, 2016 WL 4059670 at *3–*4 (compelling arbitration for employment discrimination claims, including ones brought under the ADA). Accordingly, all claims asserted in this matter are subject to the mandatory arbitration clause and are futile. The motion to dismiss should be granted without opportunity to cure.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss will be granted.

**THUS DONE AND SIGNED** in Chambers on this 7th day of November, 2019.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**